# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TREADS USA, LLC, et al.,** ) | |
|    Plaintiffs ) | |
| ) | Civil Action No.: 1:08cv00027 |
| **v.** ) | |
| ) | |
| **BOYD LP I, et al.,** ) | **ORDER** |
|    Defendants. ) | |
| ) | By: Pamela Meade Sargent |
| ) | United States Magistrate Judge |

This matter is before the undersigned on Plaintiff's Motion to Determine Whether Defendants Wholesale Designation as Confidential Luther and Teresa Boyd's Depositions and Teresa's E-mail Production of May 22, 2009 is Appropriate, (Docket Item No. 94) ("Motion"). The defendants have responded to the Motion, (Docket Item No. 102), and the plaintiffs have filed a reply, (Docket Item No. 106). No party has requested to present oral argument on the Motion. The deposition transcripts and other documents at issue have been filed under seal with the court for review regarding the Motion. The court has reviewed all of the documents filed under seal. Therefore, the Motion is ripe for decision.

By Order entered November 12, 2008, (Docket Item No. 35) ("Order"), the court allowed the parties to this action to designate certain documents produced through discovery as confidential. The documents designated as confidential may be disclosed to only "the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit." The Order stated:

> Only documents containing trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in it employment or those retained by it.

The Order further stated that, in the event there was a dispute regarding the designation of a document as confidential, any party may apply to the court for a determination as to whether the designation is appropriate. The Order places the burden on the party seeking confidentiality to demonstrate that such designation is proper. The Order also allows a party to request that the court designate additional types of documents as confidential "for reasons shown and for extraordinary grounds."

Initially, defense counsel designated the entire transcripts of the depositions of defendants Luther and Teresa Boyd and all of Teresa Boyd's e-mails produced on May 22, 2009, to be treated as confidential under the Order. Only after the filing of the Motion did defense counsel agree to limit his designation of confidential documents to 110 of the 328 pages of Luther Boyd's deposition transcript, 54 pages of the 221 pages of Teresa Boyd's deposition transcript, 64 of Teresa Boyd's 103 produced e-mails and 20 of Luther Boyd's 33 produced e-mails. It appears from the plaintiffs' reply that the plaintiffs are contesting each of these designations.

Based on the court's review, the designation of the following documents as confidential will be upheld by the court for the following reasons:

1. Transcript of deposition of Luther Boyd pages 112-13, 263-64, 272-78,

280, 287-89, 291, 295-97, 308 containing trade secrets/special formulas; pages 231, 233-35, containing customer lists; pages 236-41 containing financial data;

2. Transcript of deposition of Teresa Boyd pages 172 and 174 containing personal identifiers not covered by the specific terms of the Order, but for which there is good reason to be designated as confidential; and

3. Teresa Boyd's e-mails dated 1/1/08 from Luther Boyd entitled "No subject" regarding mergers and acquisitions; 1/16/08 from Buddy Buckles entitled "Finished Good," 2/25/08 from Christopher Jaymes entitled "Re: Fwd Stair treads & Accessory quote (Cumaru)," 2/13/09 from Teresa Boyd entitled "re: pricing," 12/18/07 from Heather Johnson entitled "re: Stain," 1/17/08 from Heather Johnson entitled "re: unfinished treads," 1/14/08 from Teresa Boyd entitled "Price List," regarding pricing information; 12/27/07 from Doug Nelms entitled "CM Budget,"3/5/08 from Brian Fuller entitled "Additional Reports that I have found which may be useful," 11/5/08 from Sarah Adams entitled "Boyd LP1," 12/3/08 from Sarah Adams entitled "Amended 2006," 12/3/08 from Sarah Adams entitled "Amended Boyd LP1 for 2007," 3/7/08 from Brian Fuller entitled "Inbound-Outbound VFI reports," 3/5/08 from Brian Fuller entitled "Inventory Activity History and Activity Summary 2-28-08 and 3-5-08," 3/6/08 from Brian Fuller entitled "Inventory adjustments by date VFI," 3/6/08 from Brian Fuller entitled "Inventory adjustments by part # VFI," 1/23/08 from Buddy entitled "Inventory Count," 10/11/08 from Mike Burke entitled "K1 for Treads," 1/24/08 from Brian Fuller entitled "re: Good morning (2)," 1/24/08 from Brian Fuller entitled "re: Good morning," 10/13/08 from

Sarah Adams entitled "Treads and VFI," 10/12/08 from Mike Burke entitled "VFI form K1," 1/23/08 from Brian Fuller entitled "VFI Inventory from 1-1-05 to 1-23-08," 1/23/08 from Brian Fuller entitled "VFI Inventory History 1-1-05 to 7-27-07," and 3/4/08 from Brian Fuller entitled "VFI Inventory History Summary thru 3-4-08," regarding financial data; 2/12/08 from Luther Boyd entitled "FW Contact Brazilian Direct and Treads USA," 1/27/08 from Luther Boyd entitled "Fwd deals and customers," 8/20/08 from Teresa Boyd entitled "New Finishing Customer," 2/12/08 from Luther Boyd entitled "Re: (contact) Brazilian Direct & Treads USA," 1/16/08 from Luther Boyd entitled "re: fw Mid American Hardwoods," and 2/4/09 from Teresa Boyd entitled "re: Sample," regarding customer information; 1/15/08 from Brian Fuller entitled "Camera Placement," and 1/14/08 from Brian Fuller entitled "Security cameras and recorder," regarding security; and 1/18/08 from Business Services entitled "Congratulations," 8/11/08 from Brian Fuller entitled "FYI," 1/18/08 from Business Services entitled "QuickBooks Merchant Service Application submitted," 10/28/08 from Teresa Boyd entitled "Re: certified GoDaddy.com expiration notice (20)," 10/28/08 from Teresa Boyd entitled "Re: certified GoDaddy expiration notice (21)," 10//28/08 from Teresa Boyd entitled "Re: certified GoDaddy.com expiration notice," and 1/18/08 from Business Services entitled "Your QuickBooks merchant service application has been approved," because they contain account information not covered by the specific terms of the Order, but for which there is good reason to be designated as confidential; and

4. Luther Boyd's e-mails dated 3/27/07 from Buddy entitled "RE: Funds,"

7/6/07 from Mike Burke entitled "Tax Questions for VFI.doc," 8/20/07 from Janet Lawson entitled "Asset List," 8/20/07 from Buddy Buckles entitled "Fixed Assets Listing VFI Current," 9/19/08 from Brian Fuller entitled "Meade Realty Document," 1/23/08 from Buddy entitled "Inventory Count," 8/20/08 from William Jopling entitled "CMF Budget 1 (2) xlsx," 8/23/08 from William Jopling entitled "Leases," 8/27/08 from Janet Lawson entitled "Assets," 10/11/08 from Mike Burke entitled "K-1 for Treads," 10/12/08 from Mike Burke entitled "VFI from K-1," and 2/17/09 from Janet Lawson entitled "Southwest Building Property," regarding financial data; 6/30/07 from Mike Burke entitled "update," 11/21/08 from William Jopling entitled "VFI," regarding mergers and acquisitions; and 10/21/08 from Jerry Kinkade entitled "Tread Pricing," regarding pricing information.

The undersigned has reviewed each document which the defendants wish to designate as confidential pursuant to the Order. The court rejects the request to treat the following documents as confidential because it specifically finds that these documents or the information contained in these documents is not covered by the terms of the Order or these documents or the information contained in these documents previously has been disclosed to persons other than those employed or retained by the defendants:

1. Transcript of deposition of Luther Boyd pages 17-19, 47-52, 63, 66, 71-74, 82-84, 111, 116, 126-27, 131-35, 138-43, 146-47, 152-53, 155, 159-61, 170-73, 217, 222, 223-25, 254-55, 259, 267, 279, 281-84, 290, 302,

323-24 and 328;

2. Transcript of deposition of Teresa Boyd pages 28-38, 47-51, 55-56, 60-63, 65-66, 68, 70-72, 74-75, 82-83, 85, 94, 96, 101, 104, 166-68, 170, 175-76, 180, 183-84, 187 and 209-11;

3. Teresa Boyd's e-mails dated 1/1/8/08 from Luther Boyd entitled "Fwd Western Express," 1/18/08 from Heather Johnson entitled "Price list VA woodworking," 1/22/08 from Luther Boyd entitled "Fwd response on inventory," 1/23/08 from Luther Body entitled "re:copy," 1/28/08 from Jan Matheny entitled "re: revised art," 2/19/08 from Jan Matheny entitled "Re: Carolina Display backer," 3/24/08 from Misty Lasater entitled "SDEC stair tread quote," 3/24/08 from Jan Matheny entitled "Re: display backer," 3/28/08 from Hope Brogan entitled "FW SDEC Stair Tread Quote," 3/30/08 from Teresa Boyd entitled "FW stair tread display," 4/3/08 from Jan Matheny entitled "Status of Order," 4/5/08 from Hope Brogan entitled "New Sign Quote," 4/24/08 from Todd Good entitled "Re: Fwd Custom treads & risers - Anderson Oak," 5/29/08 from W.B. Jones – BN Management entitled "VFI meeting – for addressees eyes only," 8/11/08 from Brian Fuller entitled "Site states for," 1/12/09 from Teresa Boyd entitled "Rebates," and 1/20/09 from Greg Robinson entitled "FW Clinch Rebate by Location;" and

4. Luther Boyd's e-mails dated 1/22/08 from Mike Burke entitled "RE: Response on inventory," 1/4/09 from Robin Yuan entitled "FW: Letter to Boyd's Attorney," and 8/27/08 from Mike Burke entitled "RE: dubois."

The court further rejects the request to treat the following documents as confidential

because the Order does not protect documents containing privileged communications and/or the defendants have not met their burden to show that these documents contain privileged communications:

1.  Transcript of deposition of Luther Boyd pages 20-21, 26, 28, 30, 87, 198-99, 205-09 and 319.

The court rejects the request to treat the following documents as confidential because the Order does not protect documents containing telephone numbers:
1.  Transcript of deposition of Luther Boyd pages 38-39, 111; and
2.  Transcript of deposition of Teresa Boyd page 150.

ENTER: July 9, 2009.
/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE