IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **TREADS USA, LLC, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:08CV00027 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BOYD LP I, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Thomas A. Leggette, Leggette Law Firm, PLC, Roanoke, Virginia, for Plaintiffs; C. Eugene Compton, Compton & Compton PC, Lebanon, Virginia, for Defendant Clinch Mountain Finishing & Logistics Corp.*

The parties have objected to a report and recommendations by the magistrate judge as to the Motion for Judgment on the Pleadings filed by the defendant Clinch Mountain Finishing & Logistics Corp. ("CMFL"). For the reasons set forth, I will overrule the objections and accept the report and recommendations.

I

This is a civil lawsuit by investors in a business arising out of an alleged disloyal manager. While the alleged misconduct is not particularly complex,[1] the

---

[1] Basically, the plaintiffs allege that the business manager and his wife enlisted an unscrupulous supplier who sold equipment to the business at inflated prices and then paid kickbacks to the manager; they also claim that the manager lied to the investors about the financial situation of the business, mismanaged it, and stole from it.

plaintiffs have made the case so by suing a number of individuals and organizations and carving the facts and parties into numerous separate legal causes of action, including RICO (Count One), RICO Conspiracy (Count Two), Lanham Act Violations (Counts Three and Four), Copyright Infringement (Count Five), Statutory Business Conspiracy (Counts Six, Seven, Eight, Eighteen, and Nineteen), Conspiracy to Induce Contract Breach (Count Nine), Conspiracy to Breach Fiduciary Duty (Counts Ten and Twenty-One), Conspiracy to Tortiously Interfere with Contract (Count Eleven), Breach of Contract (Counts Twelve and Twenty-Six), Breach of Fiduciary Duty (Count Thirteen and Twenty-Seven), Tortious Interference with Contract (Count Fourteen), Common Law Unfair Competition (Count Fifteen), Common Law Unfair Competition Trademark Infringement (Count Sixteen), Conversion (Counts Seventeen and Twenty-Eight), Common Law Conspiracy (Count Twenty), Conspiracy to Breach Contract (Count Twenty-Two), Conspiracy to Commit Conversion (Count Twenty-Three), Conspiracy to Defraud (Count Twenty-Four), Gross Negligence and Wilful Misconduct (Count Twenty-Five), and (finally) Fraud (Count Twenty-Nine). The Amended Complaint is 152 pages long and contains 649 numbered paragraphs.[2] The purpose of this particular "shock and awe" pleading is not clear, but doubtless the plaintiffs hope that even if they do not win

---

[2] *See* Fed. R. Civ. P. 8(a) (providing that a complaint must contain "a short and plain statement of the claim').

before a jury on the facts, the legal complexities of the various causes of action will produce some error by the trial court that will give them a second bite at the apple on appeal.

One of the defendants, CMFL, filed a Motion for Judgment on the Pleadings.[3] CMFL is alleged to be a corporation whose president and largest stockholder is Luther Boyd, the alleged dishonest manager. CMFL asserted in its motion it was entitled to judgment in its favor because, as to certain of the counts, it could not be held liable for misconduct of which it was also a victim; that there were insufficient allegations of a pattern of racketeering activity in the RICO counts; and that the owners of two of the suing entities had no standing to sue.[4]

The magistrate judge recommended that the motion be granted in part and denied in part. The plaintiffs and CMFL have filed objections to the report and recommendations, which have been briefed.[5]

---

[3] Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is considered under the same standard as a motion to dismiss under Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).

[4] There were also other contentions in the Motion for Judgment on the Pleadings, but these are the only ones that CMFL argues that the magistrate judge decided erroneously.

[5] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

After careful review, I find that the magistrate judge was correct in her analysis and I will uphold her report and recommendations, with the exception that I will allow the plaintiffs to file a Second Amended Complaint as to all dismissed counts. This amended pleading will allow the plaintiffs to attempt to replead all of the counts to be dismissed, provided that the plaintiff, within the strictures of Rule 11, is now able to sufficiently allege causes of action.

II

For these reasons, it is **ORDERED** as follows:

1. The objections by CMFL (DE 214) to the magistrate judge's report and recommendations are DENIED;

2. The objections by the plaintiffs (DE 219) to the magistrate judge's report and recommendations are DENIED, with the exception set forth herein below;

3. The report and recommendations of the magistrate judge (DE 213) are ACCEPTED AND APPROVED, with the exception set forth herein below;

4. The Motion for Judgment on the Pleadings (DE 135) is granted IN PART AND DENIED IN PART;

5. Counts Three, Four, Five, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Twenty-Three, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, and Twenty-Nine of the Amended Complaint, are DISMISSED as they pertain to CMFL; and

6. The plaintiffs are granted leave to file a Second Amended Complaint (which may include the counts dismissed herein), provided that the Second Amended Complaint is filed no later than 14 days from entry of this Order.

ENTER: July 7, 2010

/s/ JAMES P. JONES
United States District Judge