# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **TREADS USA, LLC**, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:08CV00027 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BOYD LP I, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Thomas A. Leggette, Leggette Law Firm, PLC, Roanoke, Virginia, for Plaintiffs; Steven R. Minor and R. Lucas Hobbs, Elliott Lawson & Minor, Bristol, Virginia, for Defendants.*

In this civil case, the defendants have filed a Motion in Limine seeking to preclude the plaintiffs from introducing at trial certain hearsay evidence under the residual exception set forth in Federal Rule of Evidence 807. I will grant the motion.

The plaintiffs, investors in a wood products business, claim that their business manager and his wife (and related entities) enlisted an unscrupulous supplier who sold equipment to the business at inflated prices and then paid kickbacks to the manager; they also claim that the manager lied to the investors about the financial situation of the business, mismanaged it, and stole from it.

Rule 807 permits the introduction of hearsay evidence that does not otherwise fall under an express exception, but has "equivalent circumstantial guarantees of

trustworthiness." Fed. R. Evid. 807; *see United States v. Clarke*, 2 F.3d 81, 84 (4th Cir. 1993) (holding that the focus must be on trustworthiness and not on how close the evidence comes to one of the recognized exceptions to the hearsay rule). On the other hand, the residual exception cannot be expanded to swallow the hearsay rule as a whole. *Akrabawi v. Carnes Co.*, 152 F.3d 688, 697 (7th Cir. 1998). The burden of showing that admission is proper under the residual exception is on the proponent. *Doe v. United States*, 976 F.2d 1071, 1075 (7th Cir. 1992).

In addition to being supported by circumstantial guarantees of trustworthiness, the evidence must (A) be "evidence of a material fact"; (B) be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts"; and (C) fulfill "the general purposes of [the rules of evidence] and the interests of justice." Fed. R. Evid. 807. The proponent must give sufficient prior notice to the adverse party, "including the name and address of the declarant." *Id.*

The evidence in question, as described by the plaintiffs' notice[1] consists of the following:

---

[1] The written notice, entitled "Plaintiffs' Intent to Rely Upon F.R.E. 807 Residual Exception," was not originally filed but was served upon opposing counsel. It has been filed as an exhibit to the defendants' Motion in Limine, and will be hereafter referred to as "the Notice."

(1)     Business records of a firm in Taiwan, Ta Sane Machine Industrial Co., Ltd. (Exhibits A, B, C, M, and N to the Notice);

(2)     Business records of a firm in California, Lobo Machinery Corp., that is not a party to this case, but is a party to a related case in this court, *VFI Associates, LLC, et al. v. Lobo Machinery Corp., et al.*, No. 1:08CV00014, consolidated for trial with the present case (Exhibit D);

(3)     A schedule of historic currency exchange rates for certain dates for U.S. dollars to Taiwan dollars, apparently taken from a website (Exhibit E);

(4)     A schedule of historic currency exchange rates for certain dates for U.S. dollars to Taiwan dollars, apparently taken from a website (Exhibit F);

(5)     Checks , deposit tickets, and funds transfer notifications produced by banks in Birmingham, Alabama, Torrance, California, Monterey Park, California, and Lumberton, North Carolina (Exhibits G, H, I, J, O, and P); and

(6)     The declarations of two persons located in Johnson City, Tennessee (Exhibits K and L).

Having carefully considered the contentions of the parties, I agree with the defendants that the documents proffered do not fall within Rule 807, in that they are not more probative on the point than evidence that the proponent can procure through reasonable efforts.

I rule only on admissibility under Rule 807, and not on other means of admitting these documents. For example, the bank records contained in Exhibits G, I, and J are accompanied by declarations that comply with Federal Rule of Evidence 902(11). While that rule deals with authentication, it meets the test of Rule 803(6), which permits as an exception to hearsay, records of regularly conducted activity when accompanied by certification that complies with Rule 902(11).

While I thus will grant the defendants' Motion in Limine, I point out that all counsel has a professional responsibility as officers of the court to assist in the just, speedy, and inexpensive determination of this action. A lawyer "should accede . . . to reasonable requests regarding . . . waiver of procedural formalities, and similar matters which do not prejudice the rights of the client." Va. R. Prof'l Conduct 3.4 cmt. (2000). In its pretrial order, the court has previously directed counsel "to reach agreement in good faith as to all relevant facts to which there is no actual dispute." Consol. Scheduling Order ¶ 16 (June 28, 2010). I intend to vigorously enforce this obligation.

For the reasons stated, it is **ORDERED** that the Motion in Limine is GRANTED, in that the documents referenced are not admissible under Rule 807.

ENTER: September 28, 2010

/s/ JAMES P. JONES
United States District Judge